**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4150

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMADHAN JAABIR JUSTICE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:19-cr-00406-BO-1)

Submitted:  January 17, 2023                    Decided:  January 19, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramadhan Jaabir Justice pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Justice to a total term of 130 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Justice on the § 924(c) count based on its conclusion that Hobbs Act robbery was categorically a crime of violence.  In a pro se supplemental brief, Justice similarly argues that Hobbs Act robbery is not a crime of violence.  The Government moves to dismiss the appeal pursuant to the appeal waiver in Justice's plea agreement.  We affirm in part and dismiss in part.

"We review an [appeal] waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Justice was competent to enter a guilty plea, that he knowingly and intelligently waived his right to appeal, and that his challenge to his firearm conviction and sentence falls squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the challenges raised by Justice and *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Justice's valid appeal waiver. We therefore deny the Government's motion in part and affirm the remainder of the criminal judgment. This court requires that counsel inform Justice, in writing, of the right to petition the Supreme Court of the United States for further review. If Justice requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Justice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3